ELECTRONICALLY FILED
2017 Sep 12 PM 4:20
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-004048

Bradley G Isnard
vs.
Midland Credit Management Inc

## SUMMONS

To the above-named Defendant/Respondent:

**Midland Credit Management Inc**
**RA: Corporation Service Company**
**2900 SW WANAMAKER DRIVE SUITE 204**
**Topeka, KS 66614**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 10/16/2017, to be held at the following location:

Wyandotte County District Court
Wyandotte County District Court
710 N. 7th St.
Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you. The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court
Electronically signed  on 09/13/2017 08:53:00 AM

**Documents to be served with the Summons:**
PETITION

**EXHIBIT 1**

ELECTRONICALLY FILED
2017 Sep 11 PM 4:01
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-004048

**In the District Court of Wyandotte County, Kansas**
**Limited Actions Division**

| | |
|---|---|
| BRADLEY G. ISNARD, <br><br> vs. <br><br> MIDLAND CREDIT MANAGEMENT INC. <br><br> Defendant. | Case Number: 2017-LM-004048 <br><br> Division: 11 |

## PETITION

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendant states as follows:

1. Plaintiff is a resident of Kansas.

2. Defendant Midland Credit Management Inc. is a Kansas Corporation.

3. At all times relevant hereto, Defendant Midland Credit Management Inc. was and is engaged in the business of collecting consumer debts in Kansas.

4. The Court has concurrent jurisdiction over the Fair Debt Collection Practices Act pursuant to 15 USC §1692k(d).

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Plaintiff Bradley G. Isnard, and as for Count I against Defendant Midland Credit Management Inc., states and alleges as follows:

5. Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

6. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter FDCPA), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

7. Plaintiff is a consumer as defined by 15 USC §1692a(3) of the FDCPA.

8. The principal purpose of Defendant Midland Credit Management Inc. is the collection of consumer debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant is a debt collector as defined by 15 USC §1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

10. The Defendant was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family,

or household purposes, whether or not such obligation has been reduced to judgment.

11. The standard in determining whether the Defendant violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

12. In August 2017, Defendant contacted Plaintiff at his place of employment and was informed by Plaintiff that Plaintiff was not allowed to receive such calls at his place of employment and that Defendant should stop calling Plaintiff there.

13. Thereafter, Defendant contacted Plaintiff at his place of employment on more than one occasion after been told not to contact Defendant there.

14. 15 U.S.C. 1692(a)(3) prohibits a debt collector from communicating with a consumer in connection with the collection of a debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

15. The above-described acts are misleading to the least sophisticated consumer

16.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17.     As a result of the above violations of the stated Act, the Defendant is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

Respectfully submitted,
By: /s/ A.J. Stecklein
Michael Rapp #25702
A.J. Stecklein #16330
Matthew Robertson #27254
Stecklein & Rapp, Chtd.
748 Ann Ave
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0727
Email: aj@kcconsumerlawyer.com
         mr@kcconsumerlawyer.com
Attorneys for Plaintiff